NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2146
_____

THE CONSTITUTIONAL GUIDED WALKING TOURS;
JONATHAN H. BARI; LESLIE S. BARI,

Appellants

v.

INDEPENDENCE VISITOR CENTER CORPORATION; WILLIAM W. MOORE;
NATIONAL PARK SERVICE, An Agency of the United States; DENNIS REIDENBACH,
Individually and in his Official Capacity as Northeast Regional Director of the NPS; CYNTHIA
MACLEOD, Individually and in her Official Capacity as Superintendent of the INHP; DARLA
SIDLES, Individually and in her Official Capacity as Deputy Superintendent of the INHP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-03083)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Under Third Circuit LAR 34.1(a)
December 6, 2011

Before: HARDIMAN, BARRY and VAN ANTWERPEN, *Circuit Judges*.

(Filed: December 6, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Constitutional Guided Walking Tours (Constitutional Tours) and its owners,

Jonathan and Leslie Bari (the Baris), appeal the District Court's judgment dismissing their first amended complaint. We will affirm.

I

Because we write for the parties, who are well acquainted with the case, we recount only the essential facts and procedural history.

The Baris own and operate Constitutional Tours, a business offering walking tours of Philadelphia's Independence National Historic Park (Independence Park). Established as a unit of the national park system pursuant to 16 U.S.C. § 407m, Independence Park is administered by the National Park Service (the Park Service). Since 1999, Independence Park has been managed by the Independence Visitor Center Corporation (the Visitor Center Corporation) pursuant to the Gateway Visitor Center Authorization Act (the Authorization Act),[1] Pub. L. No. 106-131, 113 Stat. 1678 (1999). The Authorization Act provides that the Secretary of the Interior, "in administering [Independence Park], may enter into an agreement under appropriate terms and conditions with the Gateway Visitor Center Corporation . . . to facilitate the construction and operation of a regional Gateway Visitor Center on Independence Mall." Authorization Act § 3(a). During the period relevant to this appeal, the Visitor Center Corporation operated Independence Park's Visitor Center under successive "special use permits" (SUPs).

---

[1] The Visitor Center Corporation was formerly known as the Gateway Visitor Center Corporation.

Businesses like Constitutional Tours contract with the Visitor Center Corporation to sell tickets, display brochures, gather customers, and store materials in the Visitor Center. The Visitor Center Corporation and Constitutional Tours entered into a year-long "admission sales agreement" in 2005. After that contract expired, Constitutional Tours was unable to negotiate new agreements with the Visitor Center Corporation. Consequently, Constitutional Tours's access to the Visitor Center was limited to meeting customers and commencing tours in the facility under restrictions not imposed on businesses that had secured contracts with the Visitor Center Corporation.

In 2009, Constitutional Tours and the Baris filed an eight-count complaint in the District Court against the Park Service; Park Service employees Dennis Reidenbach, Cynthia MacLeod, and Darla Sidles; and the Visitor Center Corporation and its former president, William Moore. We need only address Counts One and Two of the complaint because Appellants voluntarily withdrew Count Eight, and the District Court did not exercise supplemental jurisdiction over their state law claims (Counts Three through Seven).

In Count One, Appellants sued the Park Service under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, arguing that because the Visitor Center Corporation's SUPs were not the type of agreement contemplated in the Authorization Act, the delegation of management duties to the Visitor Center Corporation violated the Authorization Act, the National Park Service Organic Act (the Organic Act), 16 U.S.C.

3

§ 1 *et seq.*, and the National Park Service Concessions Management and Improvement Act (the Management Act), 16 U.S.C. § 5951 *et seq.* In Count Two, Appellants brought claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Reidenbach, MacLeod, and Sidles, arguing that they violated Appellants' substantive and procedural due process rights by enabling the Visitor Center Corporation to treat Constitutional Tours less favorably than its competitors. To remedy what Appellants characterized as unfair treatment resulting from the Park Service's delegation of Independence Park management to the Visitor Center Corporation, they asked the District Court to "compel the [Park Service] to enter into a License Agreement for a prominent and dedicated ticket sales booth inside of the Independence Visitor Center" and to grant Constitutional Tours "a Commercial Use Authorization permitting [it] to stage its tours . . . and to conduct solicitation . . . in a manner comparable to other private parties."

The District Court dismissed Count One, finding that it lacked subject matter jurisdiction over the Park Service because Appellants failed to identify a nondiscretionary action that the Agency was required to take. The Court also dismissed Count Two, holding that Reidenbach, MacLeod, and Sidles enjoyed qualified immunity for actions performed in their official capacities.

## II

We have jurisdiction over the District Court's final order pursuant to 28 U.S.C.

4

§ 1291. We exercise plenary review over the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009); *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1280 (3d Cir. 1993).

III

Upon review of the record and the briefs, we will affirm the judgment of the District Court essentially for the reasons stated in its opinion. *See Constitutional Guided Walking Tours, LLC v. Independence Visitor Ctr. Corp.*, No. 09-3083, 2011 WL 1234744 (E.D. Pa. Mar. 31, 2011).

The Court dismissed Appellants' APA claim (Count One) for lack of subject matter jurisdiction because they "failed to plead a discrete act that the [Park Service] is required to perform, and [were] unable to do so because the management of the Independence Visitor[] Center is committed to the agency's discretion by applicable statute and Public Law 106-131." *Id.* at *3 (emphasis omitted).

When evaluating a claim made pursuant to the APA, we must ask "whether the action at issue . . . was discretionary" and "distinguish[] between actions which an agency official may freely decide to take or not to take, and those which he is obligated by law to take or not to take." *Pinho v. Gonzales*, 432 F.3d 193, 203 (3d Cir. 2005). Judicial review of an agency action is permitted where the action was final, non-discretionary, and "adversely affect[ed] the party seeking review." *Id.* at 200.

5

Appellants failed to meet the second requirement to establish the reviewability of their APA claim. They argue that because the Park Service and the Visitor Center Corporation had not reached the kind of agreement contemplated by the Authorization Act, the Park Service lacked authority to engage in cooperative management and therefore delegated its duties in violation of the Authorization Act, the Organic Act and the Management Act. The Authorization Act states that "[t]he Secretary of the Interior . . . *may* enter into an agreement" with the Visitor Center Corporation, Authorization Act § 3(a) (emphasis added), not that it *must* do so. As the District Court aptly noted, the language of the Authorization Act "clearly leaves the [Park Service] with the absolute discretion to enter into agreements with the [Visitor Center Corporation]." *Constitutional Guided Walking Tours*, 2011 WL 1234744, at *5. The Organic Act and the Management Act, which define the authority of the Park Service with respect to various entities, also reserve ultimate discretion to the Secretary of the Interior.[2] Thus,

---

[2] As the District Court correctly pointed out, the Park Service is granted broad discretion to determine "whether to issue a concessions contract," 16 U.S.C. § 5952(10), whether to contract with private entities "to conduct or assist in . . . the management of the . . . concessions program," *id.* § 5959(a)(1), and whether it is appropriate to issue a Commercial Use Authorization, *id.* § 5966(c)(3). Because this broad discretion involves "managerial choices that are not readily subject to judicial review," and because the Park Service's alleged actions do not "violate[] a constitutional, statutory, or regulatory command," the actions are unreviewable under § 701(a)(1). *See Raymond Proffitt Found. v. United States Army Corps of Eng'rs*, 343 F.3d 199, 203, 205 (3d Cir. 2003) (stating that agency action is unreviewable where it (1) "involves broad discretion;" (2) "is the product of political . . . or managerial choices that are not readily subject to judicial

6

the District Court committed no error when it dismissed Count One for lack of subject matter jurisdiction.

Nor did the District Court err when it dismissed Count Two based on qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court established a two-prong test for claims of qualified immunity in *Saucier v. Katz,* explaining that "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." 533 U.S. 194, 200 (2001). In *Pearson*, the Court held that the two prongs need not be evaluated in any particular sequence. 555 U.S. at 232, 236.

Appellants failed to meet the first prong of the *Saucier* test. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Appellants' claim that Reidenbach, MacLeod, and Sidles, "under color of federal law, directed, supervised,

---

review;" and (3) does not "violate[] a constitutional, statutory, or regulatory command" (quoting *Davis Enters. v. EPA*, 877 F.2d 1181, 1185 (3d Cir. 1989))).

condoned and endorsed arbitrary and capricious conduct toward [Appellants]," does not demonstrate any violation of a constitutional right. Though they claim that Reidenbach, MacLeod, and Sidles limited Constitutional Tours's access to the Visitor Center while treating Constitutional Tours's competitors more favorably, Appellants fail to allege that these competitors operated under preferential lease terms that had not been offered to Constitutional Tours during its failed contract negotiations with the Visitor Center Corporation. Furthermore, as the District Court correctly noted, Appellants "fail to acknowledge the significant discretionary authority vested in [the individual d]efendants" with respect to the conduct they characterize as discriminatory. *Constitutional Guided Walking Tours*, 2011 WL 1234744, at \*10.

Appellants' failure to satisfy the first prong of the qualified immunity analysis obviates the need to evaluate the second prong. The District Court did not err when it dismissed Appellants' *Bivens* claims against Reidenbach, MacLeod, and Sidles.

IV

For the foregoing reasons, we will affirm the District Court's judgment.

8